IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SETH R. MULL,<br>Plaintiff, | : <br> : <br> : | |
| v. | : | CIVIL ACTION NO. 19-CV-3246 |
| JOHN HARMON,<br>*et al.*,<br>Defendants. | : <br> : <br> : <br> : | FILED<br>AUG 13 2019<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk |

<u>MEMORANDUM</u>

**TUCKER, J.**                                                                                                                            AUGUST / , 2019

*Pro se* Plaintiff Seth R. Mull, a convicted prisoner currently confined at Northampton County Prison, has filed a Complaint pursuant to 42 U.S.C. § 1983 alleging constitutional claims. He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Mull is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Mull will be granted leave to file an amended complaint if he can cure the defects identified in the claims dismissed without prejudice.

**I.**     **FACTS**

Mull alleges that Northampton County Prison has placed him in a "no communications" status. (ECF No. 2 at 7.)[1] He contends that his legal mail does not reach his attorney (*id.*), that he has filed grievances about this with no solution (*id.* at 9), and that his court appointed attorney in his criminal cases has attempted to call the prison but has been harassed. (*Id.*) Mull asserts that for months prior to his criminal trial he needed to speak with his attorney and potential

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

witnesses, but when he asked to call his attorney prison officials told him to write to her even though his legal mail was not being forwarded. (*Id.*) He was only able to get messages to his attorney by giving them to other inmates who were being discharged from the Prison and have them send the messages on. (*Id.* at 9-10.) When he complained to Defendant Charles Horvath of the prison's internal affairs unit that his mail was being destroyed, Horvath responded by denying that his mail was being destroyed. (*Id.* at 10.) Finally, Mull asserts his rights are being violated because he is currently in administrative segregation on a 23 hour lockdown status that does not give him time to go to the prison law library since he has less than one hour to shower, clean his cell and use the library. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Mull leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Mull is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] However, as Mull is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims Involving Grievances

Mull alleges that Defendant Horvath responded to his grievance by denying that his legal mail was being destroyed. He also makes other general allegations that grievances were not properly addressed without naming any specific Defendant. Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to

3

a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Accordingly, the facts alleged by Mull about the manner in which Defendant Horvath and other unspecified Defendants addressed his grievances do not give rise to a plausible basis for a constitutional claim and will be dismissed with prejudice.

### B. Claims Involving Legal Mail

The United States Court of Appeals for the Third Circuit has explained that prisoners "do not forfeit their First Amendment right to use of the mails" and that a "pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes communication protected by the right to free speech." *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated in part by Oliver v. Fauver*, 118 F.3d 175 (3d Cir. 1997); *see also Taylor v. Oney*, 196 F. App'x. 126, 128 (3d Cir. 2006) (reaffirming holding in *Bieregu* that "prison officials impinge upon the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner"). To state a First Amendment claim for interference with a prisoner's legal mail, a plaintiff must allege that the interference was done according to a "pattern and practice." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) ("A state pattern and practice . . . of opening legal mail outside the presence of the addressee inmate . . . impinges upon the inmate's right to freedom of speech."). A prisoner may allege that actions were taken pursuant to a pattern or practice without the existence of a "blanket policy." *See, e.g. id.* (distinguishing between "a pattern and practice" and an "explicit policy"). Prisoners need not allege or prove any "actual injury" beyond direct injury to their First Amendment right to use the mails. *Taylor*, 196 F. App'x at 128. Courts have found that mere isolated incidents of interference without evidence of an improper motive, are insufficient to establish a First

4

Amendment violation. *See, e.g. Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a first Amendment violation."); *Beese v. Liebe*, 51 F. App'x. 979, 981 (7th Cir. 2002) (dismissing First Amendment Claim based on allegations that four pieces of legal mail had been opened outside of inmate's presence, since the inmate presented no evidence that his legal mail had been intentionally opened, and where the inmate merely speculated that the prison official intended to do so); *Gardner v. Howard*, 109 F.3d 427, 420-31 (8th Cir. 1997).

While Mull generally alleges interference with his legal mail, his Complaint fails to set forth specific factual averments describing how any named Defendant was personally involved in the interference. He also makes no allegation that the interference was part of a pattern and practice. Without at least a modicum of factual specificity on these points, the Court must conclude that Mull has failed to state a plausible claim of interference with legal mail under the First Amendment. *See Taylor*, 196 F. App'x at 128 (stating that the inmate must allege the "personal involvement on the part of the Defendants in the alleged pattern and practice of opening his mail"). The Court cannot, however, state that Mull can never successfully state a plausible First Amendment claim. Accordingly, this claim will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Mull will be granted leave to file an amended complaint if can cure the defects in this claim identified by the Court.

### C. Claims Involving Lockdown Status Interfering With Access to Courts

Finally, Mull claims that his First Amendment rights are being violated because his placement in administrative segregation on a 23 hour lockdown status does not give him time to

go to the prison law library. He asserts generally that this "directly affected the outcome of my trial." (ECF No. 2 at 7.)

To the extent that Mull asserts a claim that his limited access to legal resources while he is in administrative segregation deprives him of access to the courts, such a claim made by an inmate must include an element of actual harm. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, an actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id*. Furthermore, the right to access the courts may be satisfied if the plaintiff has an attorney. *Diaz*, 532 F. App'x at 63 (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Prater v. City of Philadelphia*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (per curiam).

Mull's conclusory allegation that the denial of access to the law library "directly affected the outcome of my trial" is insufficient to support a First Amendment claim.[3] Mull, who was

---

[3] The allegation is also insufficient to state a plausible right to counsel claim under the Sixth Amendment since a damages remedy would necessarily imply the invalidity of Mull's conviction and is not allowed unless the conviction is overturned. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Prater v. City of Philadelphia*, 542 F. App'x 135, 138 (3d Cir. 2013) (construing similar claim as possible Sixth Amendment claim). This claim is also dismissed without prejudice. As with his First Amendment claim, to the extent Mull can assert a Sixth Amendment claim based on interference with access to legal resources that would not imply the invalidity of his conviction, he may attempt to amend the claim.

6

represented by counsel at his criminal trial, has not identified any specific actual harm he suffered, namely a nonfrivolous and arguable claim that he lost because his access to the law library is now or was restricted. Moreover, he also fails to identify which named Defendant allegedly violated his rights as related to these allegations. Accordingly, the claim is not plausible as pled and does not satisfy Rule 8's requirement that Mull provide enough information to put the Defendants on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue. The claim, therefore, will also be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Mull will be granted leave to file an amended complaint if can cure these defects.

An appropriate Order follows.

**BY THE COURT:**

_____
**PETRESE B. TUCKER, J.**