# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SETH R. MULL,<br>    Plaintiff, | : <br> : <br> : |
| v. | :    **CIVIL ACTION NO. 19-CV-3246** <br> : |
| JOHN HARMON,<br>*et al.*,<br>    Defendants. | : <br> : <br> : |

## ORDER

AND NOW, this /st day of August, 2019, upon consideration of Plaintiff Seth R. Mull's Motion to Proceed *In Forma Pauperis* (ECF No. 1), his Prisoner Trust Fund Account Statement (ECF No. 4), and his Complaint (ECF No. 2), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Seth R. Mull, #2317-4567, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Northampton County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mull's inmate account; or (b) the average monthly balance in Mull's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mull's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mull's inmate account until the fees are paid. Each payment shall reference the docket number for this case.

3. The Clerk of Court shall **SEND** a copy of this Order to the Warden of Northampton County Prison.

4. The Complaint is **DEEMED** filed.

5. The Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) to the extent that Mull seeks to assert any claim against any Defendant concerning the prison grievance process.

6. The Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) to the extent that Mull seeks to assert any claim against any Defendant concerning interference with legal mail or access to the prison law library.

7. Mull is **GRANTED** leave to file an amended complaint within thirty (30) days limited to the claims dismissed without prejudice. Any amended complaint must be a complete document and shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint. It shall contain a short, plain statement setting forth the basis for Mull's claims against each defendant. Mull should provide enough information for the Court to understand what happened to him and how each named Defendant acted to cause him injury. When drafting his amended complaint, Mull should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court shall send Mull a blank copy of the Court's form complaint for use by a prisoner in filing a civil rights action bearing the above civil action number. Mull may use this form to file his amended complaint in the instant case if he chooses to do so.

9. If Mull fails to file an amended complaint in accordance with paragraph seven (7) of this Order, his case may be dismissed without prejudice for failure to prosecute with no further notice.

**BY THE COURT:**

_____
**PETRESE B. TUCKER, J.**